IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MILA LOVE,

    Petitioner,

vs.   No. 08-2745-STA/cgc

JEWELL STEELE,

    Respondent.

ORDER GRANTING RESPONDENT'S MOTION FOR EXTENSION OF TIME
(DOCKET ENTRY 10)
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
(DOCKET ENTRY 12)
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On October 23, 2008, Petitioner Mila Love, Tennessee Department of Correction ("TDOC") prisoner number 300770, an inmate at the Tennessee Prison for Women ("TPFW") in Nashville, Tennessee, filed a habeas corpus petition under 28 U.S.C. § 2254 in the United States District Court for the Middle District of Tennessee. (Docket Entry ("D.E.") 1.)  On October 28, 2008, United States District Judge Aleta Trauger transferred the petition to this district. (D.E. 3.)  On June 3, 2009, the Court directed Respondent Jewell Steele to respond to the petition. (D.E. 5.) On June 25, 2009, Respondent filed a motion for an extension of time to respond. (D.E. 10.)  The motion (D.E. 10) is GRANTED.  On July 9, 2009, Respondent filed the state court record, along with a motion to

dismiss the petition as time barred. (D.E. 12.) Petitioner Love did not respond to the motion to dismiss and the time for responding has expired.

I.  UNDERLYING STATE COURT PROCEDURAL HISTORY

On March 22, 1999, Petitioner Love was indicted by the Fayette County, Tennessee grand jury on four counts of first degree murder; two counts of first degree premeditated murder and two counts of first degree murder in the perpetration of, or attempt to perpetrate, a theft.[1] At the conclusion of the trial, the trial court instructed the jury that the offense of reckless homicide was a lesser-included offense of felony murder. The jury then returned guilty verdicts on two counts of first degree felony murder in the perpetration of an attempted theft and on two counts of reckless homicide as lesser-included offenses of felony murder in the perpetration of attempted theft.[2] State v. Love, No. W1999-01957-CCA-R3-CD, 2001 WL 935340 (Tenn. Crim. App. Aug. 17, 2001.)

On appeal, the Tennessee Court of Criminal Appeals reversed the convictions and remanded the case for a new trial. (Id. at *10.) The appellate court held, inter alia, that there was sufficient evidence to support the first-degree felony murder

---

[1] Although the defendant was originally indicted on charges of first degree premeditated murder and felony murder, the case was submitted to the jury only on the felony murder counts. It is evident from the record and the judgment forms that the first degree premeditated murder counts were dismissed/nolle prosequed by the State on August 30, 1999, prior to selecting the jury.

[2] We note the fact that the term "felony murder" is a misnomer in that one may be convicted of first degree murder in the perpetration of or attempt to perpetrate misdemeanor theft. However, as is customary, we will refer to such crime as "felony murder."

convictions, but that the trial court erred by failing to instruct the jury that facilitation of felony murder is a lesser-included offense of felony murder. (Id.)

On remand, Love pled guilty to two counts of second-degree murder, a lesser included offense of felony first-degree murder. (D.E. 12, Attachment 4.) In exchange, Love was sentenced to an effective sentence of twenty (20) years imprisonment. (Id.) Love did not file a petition for post-conviction relief or a petition for writ of habeas corpus in state court following her convictions.

II. PETITIONER'S FEDERAL HABEAS CLAIMS

On October 23, 2008, Love filed this pro se habeas petition alleging that:

1. The verdict of guilty on the offense of felony murder and reckless homicide is an imperfect verdict and is facially void;

2. The District Attorney failed to inform the Court that witness testimony from Linda Hill, who was also facing criminal charges, was coerced by undue influence, a lesser charge for her testimony which violated the Petitioner's right to Due Process;

3. One of the Jurors should have been dismissed due to prejudicial knowledge of the case;

4. There was a Bruton violation because the trials were not severed;

5. The trial court erred by not severing the trial from the co-defendant; and

6. Is Second-degree murder a Lesser Included Offense of First Degree "Felony Murder"?

(D.E. 1, p.8.)

III. <u>MOTION TO DISMISS</u>

Respondent contends that Love filed her petition beyond the one-year statute of limitation in 28 U.S.C. § 2244(d)(1). Love has not responded to the motion to dismiss with any circumstances which entitle her to the application of equitable tolling.

IV. <u>LEGAL STANDARDS APPLICABLE TO HABEAS PETITIONS</u>

A. <u>Timeliness</u>

On April 24, 1996, the Anti-terrorism and Effective Death Penalty Act ("AEDPA") went into effect. In relevant part, AEDPA established a limitations period for state inmates filing habeas petitions in federal court pursuant to 28 U.S.C. § 2254. Twenty-eight U.S.C. § 2244(d)(1) reads as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

Subsection (2) of § 2244(d) further provides that the "time during which a properly filed application for State post-conviction" relief is pending is not to be counted in the calculation of § 2244(d)'s limitations period.

The Tennessee Supreme Court has held that "a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence." State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003). Love's conviction became final on April 15, 2002.[3] Her AEDPA statute of limitations expired on April 14, 2003. Under a straightforward application of § 2244(d) and Austin v. Mitchell, 200 F.3d 391, 393-95 (6th Cir. 1999), this petition is untimely.

B.   Equitable Tolling

The one-year limitations period applicable to § 2254 motions is subject to equitable tolling. Griffin v. Rogers, 308 F.3d 647, 652-53 (6th Cir. 2002); Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001)(approving test for equitable tolling set forth in Andrews v. Orr, 851 F.2d 146 (6th Cir. 1988)). The five parts of the test are:

    (1) the petitioner's lack of notice of the filing requirement;
    (2) the petitioner's lack of constructive knowledge of the filing requirement;
    (3) diligence in pursuing one's rights;
    (4) absence of prejudice to the respondent; and
    (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

---

[3]   The actual deadline fell on Sunday, April 14, 2002. Accordingly, under Fed. R. Civ. P. 6, Love's time was extended until the following Monday.

Andrews, 851 F.2d at 150.

The Sixth Circuit has stated that "equitable tolling relief should be granted only sparingly." Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001); see also Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 F. App'x 793, 795 (6th Cir. 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day). Thus, ignorance of the law by pro se litigants does not toll the limitations period. Price v. Jamrog, 79 F. App'x 110, 112 (6th Cir. 2003); Harrison v. I.M.S., 56 F. App'x 682, 685-86 (6th Cir. 2003); Miller v. Cason, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 F. App'x 373, 374 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period."); cf. Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).

6

Love has not responded to the motion to dismiss or otherwise demonstrated that she has diligently pursued her rights. Ignorance of the limitations period does not toll the limitations period. See United States v. Baker, 197 F.3d 211, 218-19 (6th Cir. 1999)(in direct criminal appeal, court noted that accepting an ignorance-of-the-law excuse would encourage and reward indifference to the law). Petitioner has not missed her statutory deadline by a few days or even months. Ignorance of time constraints imposed by the AEDPA does not excuse this lack of diligence. See, e.g., Fisher v. Johnson, 174 F.3d 710, 714-15 (5th Cir. 1999)("ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse [late] filing."). The application of equitable tolling in this case would significantly prejudice the state, which has an interest in bringing finality to the criminal appeals process.

The Court determines that the application of equitable tolling is inappropriate under these circumstances. This petition is clearly barred by the AEDPA statute of limitations and disposition without an evidentiary hearing is proper. Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. Respondent's motion to dismiss is GRANTED (D.E. 12) and the petition is DISMISSED.

The Court must also determine whether to issue a certificate of appealability ("COA"). Twenty-eight U.S.C. § 2253(a) requires a district court to evaluate the appealability of its decision dismissing a § 2254 habeas petition and to issue a certificate of

appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997)(district judges may issue certificates of appealability under the AEDPA).  No § 2254 petitioner may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"  Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed.  Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief.  The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail.  It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief.  After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003)(quoting Barefoot, 463 U.S. at 893).  Thus,

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[4]

In this case, Petitioner's petition is time-barred for the reasons previously stated. Because she cannot present a question of some substance about which reasonable jurists could differ, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2254 petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2254 case, and thereby avoid the $455 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, Petitioner must seek permission from the district court under Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a

---

[4] The Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal <u>in forma pauperis</u>, Petitioner must file her motion to proceed <u>in forma pauperis</u> in the appellate court.  <u>See</u> Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal <u>in forma pauperis</u> is DENIED.  If Petitioner files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed <u>in forma pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 24th day of February, 2010.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE